### SYSTEM CO. v. KESSLER.

(Supreme Court, Equity Term, Erie County. June 21, 1912.)

1. COURTS (§ 189*)—BUFFALO CITY COURT—SUMMONS—SERVICE—STATUTORY REQUIREMENTS.

The statutory requirements that a summons in the Buffalo City Court must be returned not less than six nor more than twelve days from its date, and must be served at least six days before its return, must be followed to give the court jurisdiction; and where the return shows that a summons was issued on May 10th, returnable May 19th, that such summons was returned and reissued June 3d, returnable June 14th, a default judgment on a summons returnable June 19th was invalid, and defendant could attack it for invalidity of process.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

2. COURTS (§ 190*)—BUFFALO CITY COURT—APPEAL—REVIEW.

The Supreme Court reviewing proceedings in the Buffalo City Court must, if possible, sustain them by every reasonable and warrantable intendment.

[Ed. Note.—For other cases, see Courts, Dec. Dig. § 190.*]

3. COURTS (§ 189*)—BUFFALO CITY COURT—PROCESS—CHANGE OF DATES.

The clerk alone has authority to change the dates of the issue and return of process from the Buffalo City Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 409, 412, 413, 429, 458; Dec. Dig. § 189.*]

Appeal from City Court of Buffalo.

Action by the System Company against Clarence A. Kessler. From a judgment of the City Court of the City of Buffalo for plaintiff, defendant appeals. Reversed.

Frank Harding, for appellant.

Gibbons & Pottle, for respondent.

POOLEY, J. The return shows that the process which is the basis of the judgment was void.

[1] A summons must be returned not less than six nor more than twelve days from its date, and must be served at least six days before its return. The statutory requirements must be followed in order to acquire jurisdiction.

[2] Of course, it is, and should be, the practice in reviewing these proceedings, if possible, to sustain them by every reasonable

---

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 61 Hun, 623.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

and warrantable intendment, but a defendant is not bound by the service upon him of a void process, and it is his right to attack a judgment entered on the basis of a void process. The return indicates that the defendant was not readily found, and that presumably the process server assumed to change the dates to suit the circumstances.

[3] No one other than the clerk has authority to change the dates of the issue, and return of process, from the City Court. It practically amounts to a new process. The return shows a summons issued on May 10, 1911, returnable May 19th. This was returned and reissued June 3d, returnable June 14th. Judgment was entered by default on a summons returnable June 19th, or 16 days after the issue of the latest summons shown by the return.

Judgment is reversed, with costs.